UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS,<br><br>  Plaintiff,<br><br>  v.<br><br>STUART SHERMAN, et al.,<br><br>  Defendants. | **CASE No. 1:16-cv-01581-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("SATF"), where the acts giving rise to his complaint occurred. He names the following defendants: (1) Warden Stuart Sherman, (2) Dr. N. Hashemi, (3) Dr. N. Igbinosa, and (4) A. Hales, N.P.

1       His allegations may be summarized essentially as follows.

2       Plaintiff arrived at SATF on June 24, 2014. He brought with him 61 pages of medical records from his private physician. Plaintiff had a variety of chronic conditions (degenerative disc disease, degenerative joint disease, spinal stenosis, an entrapped nerve, a fracture in his left pelvic area and an inflamed sciatic nerve) and was in extreme pain. Plaintiff also was positive for Hepatitis C. Prior to his incarceration, he was taking Norco and Diazapam for pain.

At some point, Plaintiff saw Defendant Hashemi, who stated that she saw nothing wrong with Plaintiff. Plaintiff was given only Tylenol and Ibuprofen for pain. Over the course of six months, Plaintiff complained to Hashemi that the medication was not working. Plaintiff received four different medications. Plaintiff requested evaluation by the pain management team, but Hashemi refused. Hashemi prescribed medications that had side effects; Plaintiff experienced side effects. Hashemi referred Plaintiff for psychiatric care, implying that his pain was in his head. Hashemi referred Plaintiff for physical therapy, despite Plaintiff protesting that he was in too much pain to undergo therapy.

Defendants Hashemi, Igbinosa, and Hales had access to Plaintiff's medical file but refused to address his pain. Plaintiff filed a 602 regarding the conduct of Defendant Hashemi. He also filed a complaint against her with the medical board. When Plaintiff told Hashemi that he was going to file a medical board complaint, Hashemi had Plaintiff removed from her office.

On March 10, 2016, Plaintiff attended a medical visit with an unidentified, non-party doctor. Defendant Hashemi also was present. The non-party doctor explained that Plaintiff might have a disease and would need to swallow a camera. He pointed to spots on Plaintiff's lip and opined that they may be related to the disease. Hashemi stated that they were tattoos. The other doctor disagreed and recommended that Plaintiff see a specialist. Hashemi did not make the appointment.

On August 31, 2016, Plaintiff saw Defendant Hales. Hales reviewed Plaintiff's medical chart. He asked whether Plaintiff was on narcotics. He stated that he would

need proof of Plaintiff's medical conditions in order to prescribe Plaintiff medication. Plaintiff offered to retrieve his medical records. Hales told Plaintiff to return the next day.

When Plaintiff returned to medical the following day, Hales told Plaintiff that Defendant Hashemi would consult on the case. Plaintiff requested someone else because, by this point, he had a pending 602 and medical board complaint against Hashemi. Plaintiff was placed on Elavil for pain. He was told that he would return in four weeks after receiving an MRI. He was never sent for an MRI.

Plaintiff returned to medical on September 29, 2016 but was not seen and was rescheduled. Elavil had not helped his pain and Plaintiff was in need of stronger medication.

Plaintiff filed the instant complaint on October 20, 2016, and the further course of his medical treatment is unknown.

Plaintiff alleges that Defendant Sherman was negligent and should be held accountable for the poor medical care provided at SATF. In support, he alleges there have been numerous inmate complaints and law suits regarding medical care at SATF.

Plaintiff alleges violations of the Eighth and Fourteenth Amendments, as well as a state law claim of negligence. He seeks monetary relief and damages.

**IV. Analysis**

**A. Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.

4

Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's allegations against Defendant Sherman appear to be based entirely on a theory of vicarious liability. Plaintiff does not allege that Defendant Sherman actually delayed or denied Plaintiff medical care in violation of Plaintiff's rights, or that Defendant Sherman was aware of constitutional violations by others but failed to act. Accordingly, Plaintiff fails to state a claim against Defendant Sherman under section 1983. Plaintiff will be given leave to amend.

### B.     Eighth Amendment

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons

unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegation of severe pain is sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has not alleged facts to suggest Defendants were deliberately indifferent to his pain. Plaintiff's only allegation against Defendant Igbinosa is that he or she had access to Plaintiff's medical file but did not address Plaintiff's pain. This is insufficient to suggest that Defendant Igbinosa <u>actually knew</u> of Plaintiff's serious medical need but nonetheless failed to act. Plaintiff will be given leave to amend.

Plaintiff's allegations against Defendant Hashemi also fail. Hashemi prescribed Plaintiff a variety of medications in an attempt to control Plaintiff's pain, and also referred Plaintiff for physical therapy. Although Plaintiff did not receive his preferred medication and did not wish to undergo physical therapy, these differences of opinion do not give rise to a constitutional claim. See, e.g., Toguchi, 391 F.3d at 1058. Plaintiff complains that Defendant Hashemi wrongly informed another doctor that Plaintiff had lip tattoos and declined to refer Plaintiff to a specialist. However, he does not link these deficiencies to any serious medical need nor does he suggest he was harmed by the denial of care. Accordingly, this allegation fails to state a claim. Lastly, Plaintiff implies that Hashemi may have been responsible for delays associated with Plaintiff receiving an MRI. However, the reason for the MRI is not stated in Plaintiff's complaint and, in any event, Plaintiff fails to allege any harm arising from the delay. See Jett, 439 F.3d at 1096 (where a delay in treatment is alleged, the plaintiff must show delay led to further significant injury or the unnecessary and wanton infliction of pain). Plaintiff will be given leave to amend.

Finally, Plaintiff's allegations against Hales fail. On August 31, 2016, Hales declined to prescribe Plaintiff medication absent review of Plaintiff's records. On September 1, 2016, Hales saw Plaintiff, along with Defendant Hashemi, and Plaitniff was prescribed medication. There is nothing to suggest that Hales was deliberately indifferent to Plaintiff's pain or that her treatment was medically inappropriate. Plaintiff will be given leave to amend.

7

**C. Retaliation**

Plaintiff may intend to suggest that Defendant Hashemi retaliated against him for filing a 602 and a medical board complaint.

Within the prison context, a viable retaliation claim has five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Blaisdell v. Frappiea, 729 F.3d 1237, 1242 (9th Cir. 2013) (retaliation claims not limited to First Amendment speech or associational freedom issues).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities but generally is shown by a prisoner's engagement in Frist Amendment activities. For example, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined

8

plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino Cnty.</u>, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.

It is not clear what adverse action Hashemi may have taken against Plaintiff in retaliation for his First Amendment activities. Although she declined to prescribe Plaintiff his preferred medication, she also had so declined prior to Plaintiff filing grievances and complaints. Thus, there is nothing to indicate that this decision as motivated by retaliatory animus. Plaintiff will be given leave to amend.

### D.  Fourteenth Amendment

Plaintiff states his intent to bring a claim under the Fourteenth Amendment. The basis for this claim is unclear. Therefore, it is not addressed further. Plaintiff will be given leave to amend.

### E.  State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

Here, Plaintiff has pled compliance with the CTCA but has not alleged any cognizable federal claims. Accordingly, the Court will not address his negligence claim. The legal standard for such a claim is provided, in the event Plaintiff chooses to amend.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical malpractice, defendant has a duty "to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

**V.      Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at

677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed October 20, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

11

    4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend this action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   December 11, 2016        /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE